FILED
2022 Jul-28  PM 01:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **PERCY DAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **4:20-cv-01874-AKK** |
| ) | |
| **KILOLO KIJAKAZI, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION</u>

Percy Davis brings this action under 42 U.S.C. § 405(g) of the Social Security Act seeking review of the final adverse decision of the Commissioner of Social Security. Doc. 1. The court finds that the Administrative Law Judge's decision, which has become that of the Commissioner, is supported by substantial evidence. The court therefore affirms the decision denying benefits.

## I.

Davis applied for disability insurance benefits in May 2018 based on "back problems," "left shoulder problems," and a "car accident." R. 144-45. Davis's claim was denied, R. 157-61, and he appealed and requested a hearing before an administrative law judge, R. 166-67. After the hearing, the ALJ issued a decision denying benefits. R. 22-38. Davis appealed this decision, R. 228-231, but the

Appeals Council denied his request for review, rendering the ALJ's decision the final decision of the Commissioner, R. 1-4.  Davis then filed this petition for judicial review.  Doc. 1.

## II.

This court's review is limited to determining whether the record contains substantial evidence to sustain the ALJ's decision and whether the ALJ applied the correct legal standards.  42 U.S.C. § 405(g); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The Commissioner's conclusions of law receive *de novo* review. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  But under 42 U.S.C. §§ 405(g) and 1383(c), the Commissioner's "factual findings are conclusive if supported by 'substantial evidence,'" so the court cannot reconsider the facts, reevaluate the evidence, or substitute its judgment for the Commissioner's.  *Id.* Instead, the court must review the final decision in its entirety to determine whether the factual determinations are "reasonable and supported by substantial evidence." *Id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence refers to "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id*.  As the Supreme Court has emphasized, "the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  Rather, substantial evidence falls somewhere between a "scintilla" and a "preponderance of evidence." *Martin*, 894

2

F.2d at 1529.  If substantial evidence supports the Commissioner's factual findings, then the court must affirm, even if the evidence preponderates against those findings.  *Id.*

### III.

To qualify for supplemental social security benefits under the Social Security Act, a claimant must show that he "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  A claimant's physical or mental impairments only qualify him for disability benefits if they "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 1382c(a)(3)(B).

In evaluating eligibility for supplemental social security under the Act, the ALJ must conduct a five-step analysis:

> At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. Where . . . the ALJ finds that the claimant's severe impairments do not meet or equal a listed impairment, the ALJ must then determine, at step four, whether [he] has the residual functional capacity

("RFC") to perform [his] past relevant work. . . . Finally, if the claimant cannot perform [his] past relevant work, the ALJ must then determine, at step five, whether the claimant's RFC permits [him] to perform other work that exists in the national economy.

*Adams v. Comm'r, Soc. Sec. Admin.,* 586 F. App'x 531, 533 (11th Cir. 2014) (internal citations omitted); *see also* 20 C.F.R. § 416.920(a).   "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments," *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also* 20 C.F.R. § 416.920(e), and at step five, the ALJ must consider the claimant's RFC, along with his age, education, and work experience, to determine if there are a significant number of jobs in the national economy that the claimant could perform, 20 C.F.R. § 416.920(g); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   If the ALJ determines that the claimant, despite any impairments, could adjust to other work in the national economy, the ALJ will issue a finding of not disabled.   20 C.F.R. § 416.920(g).

## IV.

Here, the ALJ determined at step one that Davis had not engaged in substantial gainful activity from the alleged onset date of his disability through his date last insured. R. 27. At step two, the ALJ found that Davis suffered from degenerative disc disease ("disorders of back discogenic and degenerative") and "unspecified arthropathies," both of which qualified as severe impairments.  R. 27.  The ALJ then found at step three that Davis's severe impairments, considered both singly and in

combination, did not meet or medically equal a listed impairment.  R. 28.  In making this finding, the ALJ determined that Davis (1) did not meet listing 1.02, which relates to major dysfunction of a joint, because he "neither established that he is unable to ambulate effectively, nor established that he is unable to perform fine and gross motor movements effectively," and (2) did not meet listing 1.04 because "the record [did] not demonstrate compromise of a nerve root [] or the spinal cord."  R. 28.

At step four, the ALJ determined that Davis had the residual functional capacity to perform light work with the following limitations: "occasionally climbing ramps or stairs, never climbing ladders, ropes or scaffolds, frequently balancing, occasionally stooping, [kneeling] or crouching, never crawling, occasionally reaching overhead with the left upper extremity, [and] must avoid all exposure to unprotected heights, unprotected moving mechanical parts and dangerous machinery."  R. 28-33.  Based on this finding and the testimony of a vocational expert, the ALJ determined that Davis could perform his past relevant work as an injection molding machine tender because it "did not require the performance of work-related activities precluded by [Davis's] residual functioning capacity."  R. 33.  At step five, the ALJ also found that "there were other jobs that existed in significant numbers in the national economy that [Davis] could have performed, considering [Davis's] age, education, work experience, and residual

functional capacity." R. 33-34. The ALJ thus issued a finding of "not disabled" and denied Davis's application for benefits. R. 34-35.

## V.

Davis contends that (1) the Appeals Council failed to adequately consider new evidence that he offered at the appeal stage, (2) the ALJ posed an inaccurate and incomplete hypothetical to the vocational expert, and (3) the ALJ's finding that Davis can perform his past work is not supported by substantial evidence. *See* doc. 12. The court addresses each argument in turn.

## A.

After the ALJ denied Davis's claim, he submitted additional evidence for the Appeals Council to review, including a "physical capacities form." R. 1-4, 20. The Appeals Council accepted and considered this evidence, but ultimately found that it "[did] not show a reasonable probability that it would change the outcome of the [ALJ's] decision." R. 1-4. Davis contends now that the Appeals Council "erroneously refuse[d] to consider" the physical capacities form and that it thus erred by failing "to provide a detailed rationale for denying review." Doc. 12 at 12-14. But no detailed rationale is warranted. Rather, where "the Appeals Council accepted [a claimant's] new evidence but denied review because the additional evidence failed to establish error in the ALJ's decision," "the Appeals Council adequately evaluated [the] new evidence" and is "not required to provide a detailed rationale for

denying review." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014). The Appeals Council followed this exact framework and did not, as Davis alleges, "refuse[] to consider evidence." Instead, it considered the supplemental evidence that Davis submitted before determining that it was immaterial to the ALJ's ultimate finding that Davis was not disabled. Therefore, there is no error. *See Mitchell*, 771 F.3d at 784.

## B.

Davis also argues that the vocational expert's testimony "was not substantial evidence because the ALJ in his hypothetical did not consider [Davis's] severe degenerative disc disease, discogenic and degenerative disorders of the back, and arthropathies." Doc. 12 at 14-16. Davis contends that "[t]here is no medical evidence that [he] can work," and he maintains that the ALJ's hypothetical therefore did not fully state his impairments and limitations and improperly assumed that he could perform light work. *Id*.

For the testimony of a vocational expert to constitute substantial evidence upon which the ALJ may rely, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). Thus, reversal of an ALJ's finding of not disabled may be warranted where "the ALJ asked the vocational expert a hypothetical question that

failed to include or otherwise implicitly account for all of [the claimant's] impairments." *Winschel*, 631 F.3d at 1181.

Here, the ALJ asked the vocational expert a hypothetical about a claimant with the following limitations: "[L]ight exertional level, occasionally climbing ramps and stairs, never climbing ladders, ropes or scaffolds.  Frequently balancing.  Occasionally stooping, kneeling, or crouching, and never crawling.  Occasionally reaching overhead with the left upper extremity.  Must avoid frequent exposure to extreme cold.  Must avoid all exposure to unprotected heights and unprotected moving mechanical parts and dangerous machinery."  R. 55-56.  The vocational expert testified that this hypothetical individual could perform Davis's past work as an injection molding machine tender and also could perform several other jobs in the national economy, such as small products assembler, inspector/hand packager, and marker.  R. 55-56.  This hypothetical is entirely consistent with the limitations the ALJ found at the fourth stage of his analysis when analyzing Davis's residual functioning capacity, *see* R. 28-33, and Davis does not appear to dispute the ALJ's residual functioning capacity determination, *see generally* doc. 12.  Furthermore, Davis does not elaborate on how the ALJ allegedly understated his impairments and limitations while posing the hypothetical to the vocational expert.  *See id.* at 14-16.  Accordingly, the court finds that the ALJ did not pose an improper or incomplete

hypothetical to the vocational expert, and Davis's conclusory allegation to the contrary is unpersuasive.

## C.

Davis contends finally that the ALJ's finding at step four that Davis could perform his past work "is not supported by substantial evidence and is not in accordance with proper legal standards." Doc. 12 at 16-20. Even if this were true, however, the ALJ's alleged error was harmless. After determining that Davis could perform his past work as an injection molding machine tender, the ALJ found alternatively that even if Davis could not perform his past work, "there were other jobs that existed in significant numbers in the national economy that the claimant also could have performed." R. 33-34. Davis does not challenge this portion of the ALJ's analysis, so even if the ALJ failed to properly analyze "the physical requirements and demands of [Davis's] past work" as alleged, Davis has failed to explain how or why the ALJ's alternative holding was inadequate. Doc. 12 at 16-20. As a result, the alleged error at step four was harmless because the ALJ still would have issued a finding of not disabled after step five of the analysis. *See Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) (applying the harmless error doctrine in the social security context). The court will therefore analyze this argument no further.

## VI.

In conclusion, the Appeals Council did not err in its consideration of Davis's supplemental evidence, the ALJ did not pose an improper hypothetical to the vocational expert, and even if the ALJ erred in finding that Davis could perform his past work, any such error was harmless.  The Commissioner's final decision is therefore due to be affirmed in a separate order in accordance with this opinion.

**DONE** the 28th day of July, 2022.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE